**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Ralph Edward ROSS, Defendant-
Appellant.**

**No. 18561.**

United States Court of Appeals,
Seventh Circuit.

Nov. 2, 1971.

Harry A. Helfrich, Jr., Indianapolis, Ind., for defendant-appellant.

Stanley B. Miller, U. S. Atty., Charles H. Scruggs, Asst. U. S. Atty., S. D. Ind., Indianapolis, Ind., for plaintiff-appellee.

Before SWYGERT, Chief Judge, DUFFY and KNOCH, Senior Circuit Judges.

DUFFY, Senior Circuit Judge.

After a jury trial, defendant was convicted of robbery of the Union State Bank at Sulphur Springs, Indiana. Defendant did not testify at the trial but he did call two witnesses to testify in his behalf.

The evidence disclosed that on March 12, 1969, two men entered the bank mentioned and, at the point of a loaded gun, took $19,200 of the bank's funds. One of the robbers was John Harold Ross, a brother of defendant. At the trial, three individuals who were in the bank at the time of the robbery, identified defendant as being the second robber.

During the course of the trial, and on December 4, 1969, the trial judge held a conference in chambers with trial counsel. Returning to the court room at 11:30 a. m., he advised the jury that the summation of counsel would not occur at that time. At 11:32 a. m. the judge excused the jury for the noon recess.

Unknown to the trial judge or to the defendant's attorney, the defendant was not in the court room during that two-minute period. Apparently he was in another part of the court building in the custody of the United States Marshal.

When the judge reconvened the Court at 2:10 p. m., he advised the jury of the absence of the defendant as hereinbefore related. With the defendant present, the judge twice read to the jury the proceedings which had occurred in defendant's absence. Defendant's counsel agreed at that time that the defendant's short absence was harmless error, but defendant Ross personally made a motion for a new trial. This motion was denied by the Court on the ground that defendant's short absence was harmless error, citing Ware v. United States, 376 F.2d 717 (7 Cir., 1967).

Defendant argues that he was absent from proceedings held in the presence of the jury for a much longer interval than the two-minute period urged by the Government. This discrepancy in the transcript can be explained by a slight typographical error citing "A.M." as "P.M." upon which the defendant has elaborated. It is well established by the court reporter's record and the substance of the proceedings during this interval, that the total elapsed time during which the Court was in session in the absence of the defendant was approximately two minutes.

Each party has discussed in some detail, the case of Ware v. United States, *supra*, a decision of this Court. In that

case, the defendant was absent from the court room when certain testimony was read to the jury and the Court answered a question which had been propounded by the jury. The period of time which the defendant Ware was absent from the court proceedings was about seven minutes.

In *Ware, supra,* we quoted from Chapman v. California, 386 U.S. 18, 22, 87 S. Ct. 824, 17 L.Ed.2d 705 (1967): " * * * We conclude that there may be some constitutional errors which in the setting of a particular case are so unimportant and insignificant that they may, consistent with the Federal Constitution, be deemed harmless, not resulting in the automatic reversal of the conviction." We further stated in *Ware,* 376 F.2d at 719: "Recent cases in the fifth, eighth and tenth circuits, and in the District of Columbia, are consistent with the view that where the court believes beyond a reasonable doubt that the error was harmless, the error will not cause reversal. * * * "

■ We think it would have been better practice in this case if the District Judge had made a formal finding that the error was harmless beyond a reasonable doubt. However, from the Judge's comments and rulings it is clear that such was his view. We agree that the two-minute absence of the defendant under the circumstances of this case was harmless error.

The testimony revealed that defendant Ross called his father on the telephone and asked him to take care of a brown paper bag. The father agreed to do so and placed the bag in his green tool box. He then placed the box containing the paper bag under a work bench in the factory where he was employed. The FBI agents conducted a search for a green tool box. They found one which no one claimed. The agents asked the father's permission to open the box. The father answered that the box was not his so that he did not care whether it was opened. The agents did open the box and found a large number of Feder-al Reserve notes in the paper bag. The father disclaimed any knowledge that the bag contained any currency. Defendant's father then admitted the tool box belonged to him, but that the bag did not.

Defendant's wife was called as a witness for the defendant. The attorney for the Government stated to the Court he would like to read the perjury statute to the witness and have her advised of her rights. This was done without objection from defense counsel. Thereafter, no objection was made nor was there filed any motion to strike. Defendant's counsel did advise the witness to seek court-appointed counsel before answering further questions on cross examination. The Government urges that this advice by counsel would discredit her testimony in the eyes of the jury more than anything the Government's attorney said or did.

■ Considering all the circumstances, we hold there was no prejudicial error in this respect. In many courts it is a common practice on cross examination to ask a witness whether he or she understands that the witness has been sworn to tell the truth and nothing but the truth or, that he or she is testifying under oath.

Although we find no reversible error in this respect, we think it is poor practice for a trial court to permit counsel to read the perjury statutes to any *one* witness. Perhaps there would be no valid objection if such reading applied to *all* the witnesses in the case.

We also have considered defendant's claim of error in that the Court denied defendant's pretrial motion to suppress the evidence of a police lineup. We hold there was no error in this respect.

A careful examination of the record convinces us that the defendant received a fair and impartial trial. The factual issues were not close. In fact, the evidence was overwhelming as to the guilt of the defendant.

The judgment of conviction is

Affirmed.